IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE TUBBS, ) | No. C 07-5206 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL;** |
| ) | **GRANTING LEAVE TO PROCEED** |
| v. ) | **IN FORMA PAUPERIS** |
| ) | |
| BOARD OF PRISON TERMS, ) | |
| ) | **(Docket No. 4)** |
| Respondent. ) | |
| _____ ) | |

On October 11, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the length of the sentence he is presently serving following the revocation of his parole. Petitioner has applied for leave to proceed in forma pauperis.

According to the allegations in the petition, petitioner's parole was revoked on May 4, 2007. On June 1, 2004, he was sentenced by the Board of Prison Terms to twelve months in state prison. On June 21, 2007, petitioner filed a first level administrative appeal, claiming that he should have received a nine-month sentence, rather than a twelve-month sentence. On July 23, 2007, the appeal was denied. Petitioner did not seek further administrative or state court review concerning the length of his sentence.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every

claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotations and citation omitted). If available state remedies have not been exhausted as to all claims raised in a federal habeas corpus petition, the district court must dismiss the petition. See Rose, 455 U.S. at 510. A dismissal solely for failure to exhaust is not a bar to a petitioner's returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, before petitioner may raise claims challenging the length of his sentence in a federal habeas corpus petition, he must present such claims in the state courts, including the Supreme Court of California. As petitioner has not presented his claims to the highest state court, he has not exhausted his state remedies; consequently, the petition must be dismissed.

Accordingly, the instant petition is hereby DISMISSED without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 15, 2007

_____
MAXINE M. CHESNEY
United States District Judge

2